UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05CV2406(HEA) |
| | ) | |
| JOHN CORNELL, et al.,, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Michael J. Jackson (registration no. 180023 ), an inmate at the Crossroad Correctional Center (CCC), for leave to commence this action without payment of the required filing fee [Doc. #1]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.15. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must

1

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $5.77, and an average monthly account balance of $4.33. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.15, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the

action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### The complaint[1]

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are John Cornell, Chase Ledbetter, Mike Baker, and the

---

[1] For purposes of this § 1915(e)(2)(B) review, the complaint consists of the original complaint and the amended complaint filed by plaintiff on February 21, 2006.

City of Warrenton, Missouri.

Plaintiff alleges that defendants Cornell and Chase arrested him without probable cause or a warrant and falsely charged him with possessing a controlled substance. Although this criminal charge was ultimately dismissed, it appears that plaintiff was on probation from an earlier offense and the arrest and charge at issue also formed the basis for a probation revocation action. Petitioner contends that his probation was revoked because of these allegedly false charges.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Although the underlying criminal charges were dismissed against plaintiff, plaintiff states that the charges formed the basis for a state court judge's decision to revoke a prior order of probation. Consequently, a decision in plaintiff's favor would necessarily call into question the revocation of plaintiff's probation and his current confinement. Because the action revoking plaintiff's probation has not been reversed or called into question in an appropriate proceeding, the instant § 1983 action against defendants Cornell and Chase is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's claim against defendant Baker is barred because it is based solely on Baker's position as the supervisor for defendants Cornell. *See Madewell v. Roberts*, 909 F.2d 1203,

4

1208 (8th Cir. 1990)(liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Finally, while the City of Warrenton is not absolutely immune from liability under § 1983, it cannot be held liable under a respondeat superior theory. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). Liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies or customs. *Id*. at 694. There being no such allegations in the instant action, the claims against the City of Warrenton should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.15 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration

number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 4th day of April, 2006.

_____
**UNITED STATES DISTRICT JUDGE**